## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| ANIBAL ARIEL NAVARRO CIFUENTES : | | |
| 13310 Lydia Street | : | |
| Silver Spring, Maryland 20906 | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | |
| v. | : | |
| | : | |
| AGA SERVICES, LLC | : | |
| 303 Moseby Court | : | |
| Manassas Park, Virginia 20111 | : | |
| | : | |
| Serve:  RESIDENT AGENT | : | |
|       Ever Enrique Vasquez Ramirez | : | |
|       303 Moseby Court | : | |
|       Manassas Park, Virginia 20111 | : | |
| | : | |
| | : | |
| and | : | |
| | : | |
| EVER ENRIQUE VASQUEZ RAMIREZ | : | |
| 303 Moseby Court | : | |
| Manassas Park, Virginia 20111 | : | |
| | : | |
| Defendants, | : | |

### COMPLAINT

Plaintiff, Anibal Ariel Navarro Cifuentes ("Plaintiff"), by and through his attorneys, Mary Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC, hereby files his Complaint against Defendants AGA Services, LLC ("AGA") and Ever Enrique Vasquez Ramirez (collectively "Defendants"), under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL") Md. Code Ann., Labor & Empl., § 3-501, *et seq.*, stating as follows:

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 201.340.2070

## INTRODUCTION

Plaintiff worked as a ceramic installer for Defendants. He was not compensated for the twenty-eight hours of overtime hours he worked each week. Defendants have willfully violated the clear and well-established overtime provisions of the FLSA and the MWHL. Plaintiff seeks compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1.     This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2.     Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3.     Plaintiff is an adult resident of Maryland.

4.     Defendant AGA is a Virginia limited liability company.

5.     Defendant Ever Enrique Vasquez Ramirez is the principal of AGA.

6.     At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7.     Each Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d) and Md. Code Ann., *Labor & Empl.*, §§ 3-101(c); 3-401(c); 3-501(b).

8.     At all times relevant, Defendants employed two or more employees who handled goods that moved in interstate commerce.

9.     At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301.340.2020

3699584_2

2

10.     Defendant Ever Enrique Vasquez Ramirez controlled the day to day operations of AGA Services, LLC.

11.     Defendant Ever Enrique Vasquez Ramirez had the power to hire, fire, suspend, and discipline Plaintiff.

12.     Defendant Ever Enrique Vasquez Ramirez supervised Plaintiff directly or indirectly.

13.     Defendant Ever Enrique Vasquez Ramirez directly or indirectly set and controlled Plaintiff's work schedules or had the power to do so.

14.     Defendant Ever Enrique Vasquez Ramirez directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

<u>FACTS</u>

15.     Plaintiff was employed by Defendants from January 2012 through February 21, 2014 (the "Employment Period").

16.     Plaintiff was paid $15.00 per hour during the Employment Period and his paystubs reflect he was paid an hourly rate.

17.     Plaintiff worked an average of sixty-eight hours per week throughout the Employment Period.

18.     Plaintiff was paid by check.

19.     Plaintiff was not paid one and a half times his regular hourly rate for hours worked in excess of forty per week.

20.     Plaintiff is owed approximately $22,680.00 in overtime wages.

21.     Plaintiff is owed overtime wages that Defendants willfully failed and refused to pay to Plaintiff in violation of Maryland and federal law.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3699584_2

22.    By statute, Defendants are required to maintain records which document the number of days Plaintiff worked.

23.    The precise number of hours worked, and wages owed, should be revealed through discovery.

24.    In addition, Plaintiff worked on certain jobs that may have been subject to a government rate. He may be owed additional amounts to the extent that he was not paid at the full government rate.

25.    Defendants knowingly and intentionally violated Plaintiff's rights under Maryland and federal law.

### COUNT I

### (Violation of the Maryland Wage and Hour Law)

26.    Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

27.    Defendants were required to pay Plaintiff one and a half times his normal hourly wage for hours in excess of forty hours per week. *See* Md. Code Ann., *Lab. & Empl.* § 3-415

28.    Throughout the Employment Period, Defendants failed to properly pay Plaintiff overtime required by the MWHL.

29.    Unpaid wages are due and owing to Plaintiff by Defendants.

30.    Defendants' failure and refusal to comply with their obligations under the MWHL was willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3699584_2

at trial, but not less than $22,680.00 and to grant to Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT II
### (FLSA)

31.     Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

32.     Defendants were required to pay Plaintiff compensation at the rate of one and a half times his normal hourly wage for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

33.     During the Employment Period, Plaintiff worked an average of sixty-eight hours per week.

34.     Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times the minimum hourly wage for all hours worked in excess of forty hours per week.

35.     Defendants' actions complained of herein constitute a willful violation of the FLSA.

36.     Defendants' violation makes it liable to Plaintiff for all unpaid wages and unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in his favor in an amount to be determined at trial, but not less than $45,360.00, which is two times the total wages and overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3699584_2

## COUNT III
### (Violation of the Maryland Wage Payment and Collection Law)

37.     Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

38.     The amounts owed to Plaintiff by Defendants for unpaid overtime constitute "wages" under the MWPCL. Md. Code Ann., *Labor & Empl.,* § 3-501(c).

39.     Defendants were required to pay to Plaintiff compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.

40.     While employed by Defendants, Plaintiff worked overtime hours that were not properly compensated by Defendants as required by the MWPCL.

41.     Unpaid overtime wages are due and owing to Plaintiff by Defendants.

42.     Defendants' failure and refusal to comply with their obligations under the MWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but not less than $68,040.00, which is approximately three times the wages owed; and to grant to Plaintiff his reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3699584_2

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By:        _/s/ *Mary Craine Lombardo*_
Mary Craine Lombardo (17140)
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax
mlombardo@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3699584_2